UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| Plaintiff, | ) | 3:11-cv-00227-HU |
| vs. | ) | In Admiralty |
| **THE TUG SUNDIAL** (Vessel ID No. 652357), *in rem*, **BARGE 166**, *in rem*, **BARGE 71**, *in rem*, **THE PIONEER**, *in rem*, their apparel, tackle and appurtenances; **BANK OF AMERICA NA**, *in personam*; and **TIDEWATER BARGE LINES, INC.**, *in personam*, | ) ) ) ) ) ) ) | **OPINION AND ORDER** |
| Defendants. | ) | |

S. Amanda Marshall
United States Attorney
Ron Silver
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
R. Michael Underhill
Eric Kaufman-Cohen
U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue, Room 7-5395
San Francisco, CA 94102-3463

    Attorneys for Plaintiff

Daniel F. Knox
Noah Jarrett
William J. Ohle

OPINION AND ORDER          1

1  David R. Boyajian
   Schwabe, Williamson & Wyatt, P.C.
2  Pacwest Center
   1211 SW 5th Ave., Suite 1900
3  Portland, OR 97204

4        Attorneys for Defendants

5  HUBEL, Magistrate Judge:

6        Pursuant to Federal Rules of Civil Procedure ("Rule") 33, 34
7  and 37(a), defendant Tidewater Barge Lines, Inc. ("Tidewater"),
8  moves the Court for an Order compelling plaintiff, the United
9  States of America (hereinafter, "the Government"), to: (1) respond
10 fully to Tidewater's First Requests for Production; (2) to produce
11 all non-privileged documents and/or portions of documents
12 responsive to Tidewater's requests; (3) to produce all documents to
13 which privilege is claimed under Army Regulation 385-10 (14 June
14 2010) 3-10(4)(c); (4) to produce all factual portions of documents
15 to which privilege is claimed under the pre-decisional or
16 deliberative privilege; (5) to produce all remaining documents
17 withheld to this Court for in camera evaluation of the
18 applicability of claimed privileges; and (6) to provide Tidewater
19 with reasonable form of protective order upon which the United
20 States has conditioned the production of certain documents.

21       As ordered during the March 13, 2012 hearing, the Government
22 must produce all factual material contained in the 1975, 1990, and
23 2008 Board of Investigation ("BOI") reports for the John Day
24 Navigation Lock, and all factual material contained in the 2006 BOI
25 for the Wilson Navigation Lock.  The Government need not produce
26 the portions of those reports labeled as conclusions or labeled as
27 recommendations.

28

OPINION AND ORDER           2

The Government must also produce the witness statements in Appendix F referenced in the March 13 hearing. Certain redactions from these witness statements are allowed as set forth below based on the court's in camera review of those statements.

With respect to the Government's privilege log, the following Bates numbered pages must be produced by the Government: (1) Bates No. US02484, with the exception of paragraph 3; (2) Bates No. US02485; (3) Bates No. US02487-88; (4) Bates No. US02489, with the exception of lines 5-11; (5) Bates No. US02490, with the exception of lines 8-9; (6) Bates No. US02491, with the exception of lines 16-26; (7) Bates No. US02492; (8) Bates No. US02493-2507; (9) Bates No. US02518, with the exception of paragraph 3; (10) Bates No. US02521-22 are unreadable, submit readable copy to court in camera; (11) Bates No. US02525-26; (12) Bates No. US02527-39,[1] Appendix C, with the exception of paragraphs 56, 67, and 78; (13) Bates No. US02539-42, Appendix F, with the exception of the last 14 lines of US02542; and (14) Bates No. US02544-58, with the exception of (a) US02545 starting at line 24 with "This is due to . . ." through the last line, (b) US02546 in its entirety, (c) US02547 lines 33-39, (d) US02552 starting at line 32 with "and that better . . ." through the end of that sentence, and (e) US02553 starting at line 11 with "this indicated to . . ." through the end of that paragraph and line 24 starting at "In the I-Grade roving operator's opinion . . ." through the end of that page.

---

[1] The court notes that the last page of Appendix C and the first page of Appendix F in the Government's privilege log are both Bates numbered US02539.

OPINION AND ORDER            3

The Government need not produce any further Bates numbered pages from its privilege log other than those identified in the foregoing paragraph.

With respect to notes taken by David Stanton of the Army Corp of Engineers, the Government shall produce the notebook submitted to the court for in camera review in its entirety, with the exception of: (1) page 10, lines 11-18; (2) page 13, lines 9-15 and 17-18; and (3) page 15, lines 18-19.

In terms of Tidewater's specific requests for production,[2] the Government must produce:

- Request No. 2: All factual information regarding the inspection or evaluation of the John Day Navigation lock. Any recommendations or conclusions may be excluded.
- Request No. 3: Any factual material from any safety management evaluation conducted by the Army Corps of Engineers on the John Day Navigation Lock prior to the 2008 incident. Any recommendations or conclusion may be excluded. If the Government seeks the protection of the attorney-client privilege with respect to any of the aforementioned material, then an additional privilege log must be produced for the court's inspection along with such documents for the court's review.
- Request No. 6: All factual material regarding any investigation by the Government into the 2008 incident by any of the Government's employees. Conclusions and recommendations may be omitted. If the Government seeks the protection of the

---

[2] These requests are based on Tidewater's reply memorandum and representations made during a March 6, 2012 telephone conference.

OPINION AND ORDER         4

attorney-client privilege with respect to any of the aforementioned material, then an additional privilege log must be produced for the court's inspection along with such documents for the court's review.

- Request No. 7: All factual material regarding the 2008 John Day Navigation Lock BOI. Conclusions and recommendations may be omitted.
- Request No. 9: All documents collected by the Coast Guard during its investigation of the 2008 incident, with the exception of any conclusion, recommendation or material that implicates the attorney-client privilege. If the Government seeks the protection of the attorney-client privilege with respect to any of the aforementioned material, then an additional privilege log must be produced for the court's inspection along with such documents for the court's review.
- Request No. 11: All photographs, video, digital images and other visual documents demonstrating the condition of the John Day Navigation Lock just prior to the accident and any time thereafter.
- Request No. 15: All documents concerning the locations and procedures for operating any video camera that covered the scene where the 2008 incident occurred at the John Day Navigation Lock, as they existed on February 28 and February 29, 2008, subject to the parties' protective order.
- Request No. 16: Any unedited video that recorded the 2008 incident at the John Day Navigation Lock that has not been produced yet.

OPINION AND ORDER    5

- Request No. 20: Any document which deals with the efforts undertaken by the Government to preserve documents and video relating to the 2008 incident. If the Government seeks the protection of the attorney-client privilege with respect to any of the aforementioned material, then an additional privilege log must be produced for the court's inspection along with such documents for the court's review.
- Request No. 25: All documents concerning the training, experience, and disciplinary record of the Government's personnel on duty at the time of 2008 incident at the John Day Navigation Lock.[3]
- Request No. 28: Any statement recorded by any means regarding the 2008 incident or any floating mooring bitt within the last seven years.
- Request No. 29: All factual material contained in the 1975 John Day Navigation Lock BOI report. Any conclusion or recommendation may be excluded.
- Request No. 30: All factual material contained in the 1990 John Day Navigation Lock BOI report. Any conclusion or recommendation may be excluded.
- Request Nos. 31-33: All factual material contained in the 2006 BOI for the Wilson Navigation Lock. The Government need not produce any standing order, operating procedures, or video regarding incidents which took place at the Wilson Navigation Lock, however.

---

[3] The Government stipulated to this during a telephone conference held on March 6, 2012.

OPINION AND ORDER            6

1    These and anything else produced pursuant to this order shall
2 be subject to the protective order the parties agree upon. The
3 Government must comply with this order within fourteen (14) days
4 pursuant to Local Rule 37-2.
5    IT IS SO ORDERED.
6        Dated this 29th day of March, 2012.
7                                /s/ Dennis J. Hubel
8                          _____
9                                Dennis James Hubel
                            Unites States Magistrate Judge

OPINION AND ORDER            7